**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

**Northern Division**

| | |
|---|---|
| **DAVID PUCHMELTER** | * |
| 3655 W. Tropicana Avenue | |
| Suite D2053 | * |
| Las Vegas, NV 89103 | |
| | * |
| And | |
| | * |
| **JOHN ZAMBUTO** | |
| 1327 N. 160th Street | * |
| Omaha, NE 68118 | |
| | * |
| *Plaintiffs*, | |
| | * |
| v. | |
| | * |
| **SKWESTON & COMPANY, LLC** | |
| 201 International Circle, Suite 230 | * |
| Hunt Valley, MD 21030 | |
| <u>Serve on:</u> | * |
| Resident Agent Steven Weston | |
| 201 International Circle, Suite 230 | * |
| Hunt Valley, MD 21030 | |
| | * |
| And | |
| | * |
| **STEVEN WESTON** | |
| 1100 Lower Glencoe Road | * |
| Sparks, MD 21152 | |
| | * |
| And | |
| | * |
| **KATHLEEN WESTON** | |
| 1100 Lower Glencoe Road | * |
| Sparks, MD 21152 | |
| | * |
| *Defendants*. | |

*    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

Plaintiffs David Puchmelter and John Zambuto, by and through their attorneys Matthew D. Skipper, Elisabeth R. Chaney, and Skipper Law LLC, hereby file this complaint against Defendants SKWeston & Company, LLC, Steven Weston, and Kathleen Weston, and in support thereof respectfully states as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, who have been employed by Defendants SKWeston & Company, LLC ("SKWeston"), and its owners, Steven Weston and Kathleen Weston, bring this action for declaratory and monetary relief for Defendants' willful failure to pay wages as required by Federal and/or State law.

2. This action also arises from Defendants' violation of Plaintiffs' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.; Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Act, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*

3. Plaintiffs bring this action to recover unpaid wages, liquidated damages or interest, attorneys' fees and costs, and treble damages under Maryland Wage and Hour Laws (Md. Code Ann., Lab. & Empl. § 3-427 and § 3-507.1) for Defendants' willful failure to pay them in accordance with Maryland and Federal law.

## JURISDICTION AND VENUE

4. This Honorable Court has subject matter jurisdiction over Plaintiff's claims pursuant to 29 U.S.C . § 201 *et seq.*, 28 U.S.C. § 1331, 28 U.S.C. § 1337(a), and 28 U.S.C. § 1367. The FLSA provides that an action to recover liability "may be maintained against any employer .

. . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself and others similarly situated." 29 U.S.C. § 216(b).

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because Defendants Steven Weston and Kathleen Weston reside in this District, Defendants transact business in this district, Plaintiffs were employed by Defendants in this District, and most of the actions complained of were conducted within this district.

## PARTIES

6.      Plaintiff David Puchmelter ("Plaintiff Puchmelter") is a resident of Las Vegas, Nevada and was a non-exempt employee of SKWeston from approximately May 2019 to present. At all times relevant hereto, Plaintiff was and is an "employee" as defined in 29 U.S.C. § 203(e).

7.      Plaintiff John Zambuto ("Plaintiff Zambuto") is a resident of Omaha, Nebraska and was a non-exempt employee of SKWeston from approximately May 2019 to October 2019.  At all times relevant hereto, Plaintiff was an "employee" as defined in 29 U.S.C. § 203(e).

8.      Defendant SKWeston & Company, LLC ("SKWeston") is a Maryland limited liability company with its principal place of business at 201 International Circle, Suite 230, Hunt Valley, MD 21030. At all times relevant hereto, the Defendant was an "employer" as defined in 29 U.S.C. § 203(d).

9.      Defendant Steven Weston is a resident of Sparks, Baltimore County, Maryland. He is the founder and owner of SKWeston and is an "employer" under the applicable statutes.

10.     Defendant Kathleen Weston is a resident of Sparks, Baltimore County, Maryland. She is the co-owner of SKWeston and is an "employer" under the applicable statutes.

## STATEMENT OF FACTS

11.    Defendant SKWeston is a consulting company based in Hunt Valley, Maryland. Defendant Steven Weston is the founder and owner of SKWeston.

12.    Defendant Kathleen Weston is a co-owner of SKWeston.

13.    Plaintiff David Puchmelter began to work for SKWeston on or about May 2019.

14.    Plaintiff Puchmelter was classified as an independent contractor from approximately May 2019 through June 2019 and was classified as a W2 employee beginning on July 1, 2019.

15.    Plaintiff John Zambuto began to work for SKWeston on or about May 2019.

16.    Plaintiff Zambuto was classified as an independent contractor from approximately May 2019 through June 2019 and was classified as a W2 employee beginning on July 1, 2019.

17.    Plaintiffs have not received all wages owed to them by Defendants for the period of their employment.

18.    When responding to Plaintiffs' request for unpaid wages, Defendants repeatedly promised to pay Plaintiffs.

19.    Defendants repeatedly told Plaintiffs they were attempting to pay them through various means, but never actually made these payments.

20.    Plaintiff Puchmelter is still technically employed by Defendants, and Defendants have taken steps to ensure that Plaintiff Puchmelter would not work for other employers while still technically employed by Defendants.

21.    Plaintiff John Zambuto was forced to seek outside employment in October 2019 due to the lack of payment from Defendants.

22.     Defendants have willfully, deliberately, and intentionally refused to pay Plaintiffs for time actually worked.

23.     Defendants knew or should have known that Plaintiffs were entitled to compensation for time worked.

24.     Other employees of Defendants have claimed wage and hour law violations in the past, and Defendants are fully aware of the state and federal wage and hour laws.

25.     Given the Defendants' history of failing to pay wages, Defendants' repeated lies to Plaintiffs about their intention of paying wages, and the complete absence of any good-faith dispute regarding Plaintiffs' entitlement to the wages, the failure to pay wages for all time worked is intentional, willful and without justification.

26.     Plaintiffs are owed compensation for time actually worked but not paid and back wages by Defendants, who willfully and knowingly withheld those wages.

## COUNT I—FAIR LABOR STANDARDS ACT (FLSA)

*All Plaintiffs sue all Defendants*

27.     Plaintiffs incorporate by reference the allegations set forth above.

28.     That the Defendants violated FLSA by knowingly failing to compensate Plaintiffs for all time worked.

29.     That at all times relevant hereto, Defendants were and are employers within the meaning of the FLSA, 29 U.S.C. § 203, and are subject to the provisions of such Act.

30.     That at all times relevant hereto, Plaintiffs were employees of Defendants, as defined by the FLSA, 29 U.S.C. § 203.

31.     That Defendants' failure to compensate Plaintiffs for all compensable hours violates the minimum wage provisions of the FLSA, as amended, and the regulations thereunder.

32.    As a result of Defendants' willful and knowing failure to properly compensate Plaintiffs, Plaintiffs have suffered substantial delays in receipt of wages owed and damages.

33.    Pursuant to the FLSA, as amended, Defendants owe Plaintiffs for all unpaid time (regular and overtime), an additional amount equal to liquidated damages, together with an additional sum for attorneys' fees and costs.

## COUNT II—MARYLAND WAGE AND HOUR LAW

*All Plaintiffs sue all Defendants*

34.    Plaintiffs incorporates by reference the allegations set forth above.

35.    Defendants have failed to pay Plaintiffs wages due in violation of the Maryland Wage and Hour Law.

36.    Defendants are liable to Plaintiffs pursuant to the Maryland Wage and Hour Law for their unpaid compensation, plus interest, costs, reasonable attorney's fees, and any other relief deemed appropriate.

## COUNT III—MARYLAND WAGE PAYMENT AND COLLECTION ACT

*All Plaintiffs sue all Defendants*

37.    Plaintiff incorporates by reference the allegations set forth above.

38.    The Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Empl. 3-501 *et seq*. requires that an employer pay an employee's wage at regular pay periods. "Wage" is defined as "all compensation that is due to an employee for employment." Md. Code Ann., Labor & Empl. § 3-501(c).

39.    By failing to pay Plaintiffs their wages when due, Defendants violated the Maryland Wage Payment and Collection Law.

40.     Pursuant to the Maryland Wage Payment and Collection Law, employers such as Defendants must give notice of the regular rate of pay and pay that promised rate for all hours worked in every pay period.

41.     Defendants have failed to pay Plaintiffs their promised wage rate for all hours worked.

42.     By failing to compensate Plaintiffs at their promised wage rate for all hours worked, Defendants have made unlawful deductions from Plaintiffs' pay in violation of the Maryland Wage Payment and Collection Law.

43.     Defendants failed to pay the Plaintiffs' wages willfully and in bad faith and not as the result of a bona fide dispute.

44.     Pursuant to the Maryland Wage Payment and Collection Law, Plaintiffs seek their unpaid wages, treble damages, interest, reasonable attorneys' fees and costs, and any other relief deemed appropriate by this Honorable Court.

## **Prayer for Relief**

Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiffs all unpaid wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid wage payments and overtime premiums awarded to Plaintiffs;

(b) Order Defendants to pay the Plaintiffs an amount equal to triple the amount of unpaid wages owed each Plaintiff under the FLSA, after an accounting has been performed, as Plaintiffs are entitled to such damages under MWPCL, exclusive of wage under the FLSA;

(c) Award Plaintiffs their attorneys' fees and costs in pursuing this action;

(d) Award Plaintiffs interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(e) Grant Plaintiffs any additional relief that the Court deems appropriate and just.

Respectfully submitted,

_____/S/  Matthew D. Skipper_____
Matthew D. Skipper
Bar No. 29866
Skipper Law, LLC
2110 Priest Bridge Drive, Suite 2
Crofton, Maryland 21114
T: (443) 274-6106
F: (443) 292-4735
matt@skipperlawllc.com

_____/S/ Elisabeth R. Chaney_____
Elisabeth R. Chaney
Bar No. 21213
Skipper Law, LLC
2110 Priest Bridge Drive, Suite 2
Crofton, Maryland 21114
T: (443) 274-6106
F: (443) 292-4735
lisa@skipperlawllc.com
*Counsel for Plaintiffs*