IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID PUCHMELTER, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | Civil Action No.   ADC-20-309 |
| | * | |
| SKWESTON & COMPANY, LLC, *et al.*, | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs, David Puchmelter and John Zambuto (collectively "Plaintiffs"), move this Court for a partial judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), as to the liability of Defendants, SKWeston & Company, LLC ("SKWeston"), Steven Weston, and Kathleen Weston (collectively "Defendants"), under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), MD. CODE, LAB. & EMPL. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Act ("MWPCA"), MD. CODE, LAB. & EMPL. §§ 3-501 *et seq.* (the "Motion for Judgment on the Pleadings") (ECF No. 26). After considering the Motion and the responses thereto (ECF Nos. 28, 29), the Court finds no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons stated herein, the Court GRANTS Plaintiffs' Motion for Judgment on the Pleadings.

### **FACTUAL BACKGROUND**

SKWeston is a consulting company owned by Steven and Kathleen Weston that is based in Maryland. ECF No. 1 at 4, ¶¶ 11–12. Plaintiff Puchmelter began working for SKWeston as an independent contractor in May 2019 and was reclassified as an employee on July 1, 2019. *Id.* at 4,

1

¶ 14. Plaintiff Zambuto also began working for SKWeston as an independent contractor in May 2019, and was reclassified as an employee on July 1, 2019. *Id.* at 4, ¶¶ 15–16. Plaintiffs allege they have not received all wages owed to them for the course of their employment. *Id.* at 4, ¶ 17. Plaintiffs allege Defendants repeatedly promised to pay them, and stated they were trying to pay Plaintiffs through various means, but they failed to do so. *Id.* at 4, ¶¶ 18–19. Defendants allege they were encountering financial difficulties, which they communicated to the Plaintiffs while Defendants were trying to pay Plaintiffs. ECF No. 23 at 2, ¶¶ 17–19.

Plaintiff Puchmelter is "technically still employed by Defendants," but alleges Defendants "have taken steps to ensure that [he] would not work for other employers while still technically employed by Defendants." ECF No. 1 at 4, ¶ 20. Defendants deny that they have prevented Plaintiff Puchmelter from seeking outside employment, and state it would be outside their scope of control to do so. ECF No. 23 at 3, ¶ 20. Plaintiff Zambuto left Defendants' employment in October 2019 "due to lack of payment." ECF No. 1 at 4, ¶ 21.

Plaintiffs make no allegations regarding the number of payments Defendants missed, the number of hours for which they were not compensated, or the amount of wages they were not paid. They also fail to allege whether Defendants failed to pay Plaintiffs entirely or partially or the number of would-be pay days that were insufficient. Defendants do admit there were times when they did not fully pay Plaintiffs, but they emphasize repeatedly they "were trying to pay [Plaintiffs], but w[ere] encountering issues of financial hardship," and any missed payments "stemmed from cash-flow issues surrounding the business, not from a willful, bad faith attempt to deprive Plaintiffs of their wages." ECF No. 23 at 2, 4, ¶¶ 17–19, 43.

### PROCEDURAL BACKGROUND

Plaintiffs filed a Complaint against Defendants in this Court on February 4, 2020, alleging

violations of the FLSA, the MWHL, and the MWPCA. ECF No. 1.[1] Defendants filed an Answer on March 31, 2020. ECF No. 23. On July 15, 2020, Plaintiffs filed the Motion for Judgment on the Pleadings. ECF No. 26. Defendants filed a Response in Opposition on July 27, 2020, ECF No. 28, to which Plaintiffs replied on August 9, 2020, ECF No. 29. This matter is now fully briefed, and the Court has reviewed Plaintiffs' Motion for Judgment on the Pleadings and the responses thereto. For the following reasons, the Court grants Plaintiffs' Motion.

## DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(c) states, "[a]fer the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Pleadings are considered closed "upon the filing of a complaint and answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed, in which even the filing of an answer to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the proceedings." 5C Charles Alan Wright, et al., FED. PRAC. & PROC. § 1367 (4th ed. May 2019). "A Rule 12(c) motion for judgment on the pleadings is appropriate when all material allegations of fact are admitted in the pleadings and only questions of law remain." *Wells Fargo Equip. Fin., Inc. v. State Farm Fire & Cas. Co.*, 805 F.Supp.2d 213, 216 (E.D.Va. 2011), *aff'd*, 494 F.App'x 394 (4th Cir. 2012) (internal quotation omitted). The Court "is required to view the facts presented in the light most favorable to the nonmoving party." *Brandsafway Servs., LLC v. Manolis Painting, Inc.*, No. RDB-18-2016, 2019 WL 4415740, at *2 (D.Md. Sept. 16, 2019) (quoting *Corrigan v. Methodist Hosp.*, 158 F.R.D. 70, 71 (E.D.Pa. 1994)).

---

[1] On February 5, 2020, in accordance with Standing Order 2019-07 of the United States District Court for the District of Maryland and upon consent of all parties, this case was directly assigned to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 3.

### B. Plaintiffs' Motion for Judgment on the Pleadings

Plaintiffs only seek a judgment on the pleadings as to Defendants' liability under the FLSA, the MWHL, and the MWPCA; they are not seeking an award of damages at this time. Defendants argue Plaintiffs' Motion should be denied, as there are genuine disputes of material fact regarding the number of hours and amount of wages Plaintiffs are seeking. ECF No. 28 at 3, ¶ 12. While Defendants are correct that there are many remaining questions surrounding the outstanding hours and wages, those facts will speak to damages, not to Defendants' liability under these statutes.

The FLSA provides to employees a right of action to recover from employers, unpaid minimum wages and unpaid overtime compensation. 29 U.S.C. § 216(b). In the rare circumstance in which an FLSA claim is for unpaid minimum wages instead of unpaid overtime compensation,

> to prove a claim under the FLSA for recovery of minimum wages, a plaintiff must establish (1) employment by defendant during the relevant time; (2) qualification as a covered employee under the FLSA statute, by virtue of being employed in an enterprise engaged in commerce or in the production of goods for commerce; and (3) defendant's failure to pay minimum wages.

*Jahn v. Tiffin Holdings, Inc.*, No. SAG-18-1782, 2020 WL 1285507, at *3 (D.Md. Mar. 18, 2020). The MWHL is "essentially the state equivalent of the FLSA," and it provides employees a right of action to recover from an employer "all compensation that is due to an employee for employment." *Id.* at *2 (quoting MD. CODE, LAB. & EMPL. § 3-401(d)). Because MWHL is the Maryland state equivalent statue of the FLSA, "the elements to prove a cause of action under MWHL statute are identical." *Id.* at *3 (citing *McFeely v. Jackson Street Entm't, LLC*, 47 F.Supp.3d 260, 267 n.6 (D.Md. 2014)).

Here, all the elements of an FLSA and MWHL claim are admitted. Defendants admit Plaintiffs are/were their employees. ECF No. 23 at 2, ¶¶ 14–16. Defendants admit they are covered employers, and Plaintiffs are/were their covered employees, under the FLSA and the Maryland

4

state statutes. *Id.* at 2–3, ¶¶ 8–10, 29–30. Finally, Defendants *do* admit they failed to pay Plaintiffs their full wages at some point. *Id.* at 2–4, ¶¶ 17–19, 22, 26, 43. Though Defendants state their failure to pay Plaintiffs their full wages was a result of financial hardship and lack of cash flow, and was not a malicious, willful, or intentional withholding, the Defendants' intentions are only relevant to determining damages, not liability itself. Regardless of the reason Plaintiffs were not paid their full wages, it is clear Plaintiffs have established all three elements of FLSA and MWHL liability on the part of Defendants.

Finally, the MWPCL provides to employees a right of action to recover from employers, unpaid compensation after the wages are two weeks overdue. MD. CODE, LB. & EMPL. § 3-507.2(a). The only circumstances under which an employer is not liable for failing to pay wages after two weeks is if there is a "bona fide dispute" regarding the wages owed to the employee. *See id.* at § 3-507.2(b). However, "[w]here the parties are in agreement on what plaintiff is owed, there is no dispute—bona fide or otherwise—for purposes of the MWPCL." *Roley v. Nat'l Prof'l Exch., Inc.*, No. TDC-18-0152, 2020 WL 4207574, at *11 (D.Md. July 22, 2020) (finding that an employer's failure to pay wages as a result of insufficient funds was not a bona fide dispute within the meaning of the MWPCL). Here, there is no dispute that Defendants knew that Plaintiffs were owed their regular compensation and failed to pay it in full. As is the case with the FLSA and the MWHL, Defendants' reasons for their failure to pay Plaintiffs fully are only relevant to determining damages, not liability. Accordingly, Plaintiffs have also established Defendants' liability under the MWPCL. Thus, Plaintiffs are entitled to a judgment of liability against Defendants under the FLSA, the MWHL, and the MWPCL.

**CONCLUSION**

In conclusion, for the reasons stated herein, Plaintiffs' Motion for Judgment on the Pleadings is GRANTED as to liability only. A separate Order will follow.


Date: August 20, 2020                                         /s/
                                                        A. David Copperthite
                                                        United States Magistrate Judge